**Miguel POZOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–70536.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.[*]

Decided Aug. 10, 2005.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Miguel Pozos, Sylmar, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Deborah N. Misir, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, KOZINSKI, and BERZON, Circuit Judges.

## MEMORANDUM **

Petitioner Miguel Pozos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's ("BIA") affirmance of the immigration judge's ("IJ") denial of his application for asylum and withholding of removal. When, as here, the BIA does not express any disagreement with any part of the IJ's decision but instead cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874, 1994 WL 520994 (BIA 1994), the BIA is considered to have adopted the IJ's decision in its entirety and we review the IJ's reasons as

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the BIA's. *See Tchoukhrova v. Gonzales,* 404 F.3d 1181, 1188 (9th Cir.2005).

■ Pozos's testimony, which the IJ deemed credible and this court must thus accept as true, *see Baballah v. Ashcroft,* 367 F.3d 1067, 1073 (9th Cir.2004) (as amended), compels a finding of past persecution. First, the harm Pozos suffered—including being raped, repeatedly beaten, and forced to work as a prostitute—clearly rose to the level of persecution under the law of this circuit. *See Lazo–Majano v. INS,* 813 F.2d 1432, 1434 (9th Cir.1987), *overruled on other grounds by Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc); *see also Kebede v. Ashcroft,* 366 F.3d 808, 812 (9th Cir.2004); *Duarte de Guinac v. INS,* 179 F.3d 1156, 1161 (9th Cir.1999).

■ Second, contrary to the IJ's determination, the record compels the conclusion that the harms inflicted on Pozos were on account of his perceived homosexuality.[1] Although other factors may have also played a role in the harm Martin inflicted on Pozos, Martin's actions were unquestionably motivated, at least in part, by Pozos's perceived homosexuality. As this court has explained, "[a] persecutor may have multiple motives for inflicting harm on an asylum applicant. As long as the applicant produces evidence from which it is reasonable to believe that the persecutor's action was motivated, at least in part, by a protected ground, the applicant is eligible for asylum." *Hoque v. Ashcroft,* 367 F.3d 1190, 1198 (9th Cir.2004). Pozos

has produced such evidence through credible testimony that Martin made statements demonstrating that the harm he inflicted was motivated, at least in part, by Pozos's perceived homosexuality. The statements of a persecutor that he is motivated by one of the protected grounds, even if those statements are not explicit, are enough to show that the persecution is "on account of" that protected ground. *Gafoor v. INS,* 231 F.3d 645, 651 (9th Cir.2000) ("[A]n applicant need not present direct evidence of a persecutor's motives if there is circumstantial evidence.").

■ Third, although the IJ found that Martin was acting in "a nonofficial capacity" when he harmed Pozos, the record does not support her determination. Martin's ability to exercise control over Pozos, and thus persecute him, was a direct result of his status as a policeman and the influence and power inherent in that position. Because Martin's ability to persecute Pozos depended on his position as a government official, the record compels the conclusion that Pozos satisfies the government involvement component of the past persecution test. *See Lazo–Majano,* 813 F.2d at 1435–36 (rejecting the argument that harm perpetrated by a solider did not amount to persecution because it occurred in the context of the "personal" relationship between the solider and his victim).

In sum, the record before the IJ compels the conclusion that Pozos established past persecution by demonstrating that his experience rose to the level of persecution,

---

1. This court recently removed all doubt about whether the protected ground "particular social group" includes those perceived as homosexuals. In *Karouni v. Gonzales,* we held that *"all* alien homosexuals are members of a 'particular social group' within the meaning of the" Immigration and Naturalization Act. 399 F.3d 1163, 1172 (9th Cir.2005). We have also held recently that "'[p]ersecution "on account of" membership in a social group ...

includes what the persecutor perceives to be the applicant's membership in a social group.'" *Thomas v. Gonzales,* 409 F.3d 1177, 1188 (9th Cir.2005) (quoting *Amanfi v. Ashcroft,* 328 F.3d 719, 730 (3d Cir.2003) (as amended)). There is thus no longer any question that one can be eligible for asylum as a result of persecution he suffers on account of imputed homosexuality.

perpetrated by the government, on account of a protected ground. *See Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000).

■ Because the record also compels the conclusion that Pozos established a well-founded fear of future persecution, we need not remand to allow the agency to decide in the first instance whether the government has rebutted the presumption of a well-founded fear that results from a showing of past persecution. *Cf. INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). As a result of the IJ's determination that the petitioner was credible, Pozos satisfies the subjective portion of the test for demonstrating a well-founded fear of future persecution. *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998). Pozos's credible testimony also compels the conclusion that his fear is objectively well-founded. As Pozos testified, he frequently suffered abuse as a result of his perceived homosexuality in a range of contexts, including in the workplace and while walking down the street. The record shows he continues to be perceived as a homosexual. Thus, the record does not support the IJ's conclusion that Pozos would not face the violence inflicted on homosexuals in Mexico, which the State Department Report states is "not uncommon," merely by not engaging in open displays of affection with other men or not frequenting gay establishments. Further-

more, Pozos experienced rape, beatings, and forced sexual acts at the hands of a government official who wielded significant influence in Mexico and whose jurisdiction extended over the entire country. In light of these circumstances, no reasonable fact-finder could conclude that Pozos has less than a ten percent chance of future persecution on account of his perceived homosexuality. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (noting "even a ten percent chance of persecution may establish a well-founded fear").[2] Because the government has not met its burden of showing changed circumstances, including that it would be reasonable for Pozos to relocate within Mexico, *see* 8 C.F.R. § 1208.13(b)(3)(i) (placing the burden of establishing that it would be reasonable for the petitioner to relocate on the government when the persecution is perpetrated by an agent of the government), we hold that Pozos is statutorily eligible for asylum.

A finding of past persecution also gives rise to a presumption of withholding of removal. 8 C.F.R. § 1208.16(b)(1)(i); *Hoque*, 367 F.3d at 1198. Due to her finding on the asylum claim, however, the IJ did not reach the merits of Pozos's withholding claim at all, much less consider it in light of this presumption. We therefore remand Pozos's withholding of removal claim

**2.** Both Pozos and the social worker who examined him testified that they did not know what Pozos's sexual orientation was. Pozos also testified that while he has had no sexual relationships since coming to the United States, his sexual fantasies have involved both men and women. It would be unreasonable to assume (or require), however, that he will refrain from homosexual actions or the public manifestation of homosexual feelings for the indefinite future. The IJ's conclusion that because Pozos is not homosexual, he would not be subject to persecution in Mexico—provided that he avoided areas where he used

to live—was not supported by the record, contrary to the dissent's contention. It is quite possible that, as the dissent suggests, Pozos's persecutor will lose interest in him even though he persecuted him throughout his youth and in various parts of the country and even though his jurisdiction was nationwide. The standard, however, is whether there is a ten percent chance that Pozos's tormentor will continue to persecute him. Under this standard, no reasonable fact-finder could find that Pozos's fear of future persecution is not both subjectively and objectively well-founded.

to the BIA so it may consider it in the first instance in light of this presumption.

We **GRANT** the petition and **REMAND** to the attorney general to exercise his discretion as to the grant of asylum and to evaluate the withholding of removal claim in light of the presumption that arises from the finding of past persecution.

Petition GRANTED in part; RE-MANDED in part.

KOZINSKI, Circuit Judge, dissenting.

Pozos maintains he is not a homosexual, and this surely constitutes sufficient evidence to support a finding to that effect. The Immigration Judge also found that if Pozos avoids public displays of affection with other men and does not frequent gay establishments, he will not be harassed. Pozos does not claim to have any desire to engage in these activities, and there is no evidence he has done so while in the United States. In fact, he was diagnosed with sexual aversion disorder, and has eschewed sexual relations with either gender.

In light of this evidence, the IJ found that Pozos will not be subject to persecution "if he should return to another area of Mexico City, apart from any areas where his prior acquaintances lived." The Board of Immigration Appeals further found that "the likelihood of continued interest in the respondent [by his persecutor] is diminished by the fact that he has been out of Mexico since April 1987." These findings are supported by the record and render Pozos's fear of future persecution objectively unfounded. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(A), (B); *Prasad v. INS,* 47 F.3d 336, 338 (9th Cir.1995). I would therefore deny Pozos's petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

*See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). I would also deny withholding of removal, as his burden for establishing eligibility is even higher than for asylum. *See id.*